SAMUEL L. M. BARLOW et al., Respondents, *v.* MARIA J. MYERS, Appellant.

| | |
|---|---|
| 64 | 41 |
| 112 | 26 |
| 64 | 41 |
| 130 | 522 |
| 64 | 41 |
| 139 | 270 |

A promise made by one person for a valuable consideration, paid by another, to pay the debts of the latter, is in legal effect a promise to pay creditors who are such at the time the promise is made. They acquire thereby additional security for the payment of their debts, which will pass as an incident on assignment of one of the debts secured, but the assignee takes it by a derivative title from the assignor, and no direct contract is created by the assignment between him and the promisor.

It is immaterial that the debts are upon negotiable instruments not due. In the absence of special words indicating such an intent, the promise is not to the persons holding the instruments at their maturity; and the interest of the assignee in the promise is subject to any equities on the part of the promisor existing against the debt while in the hands of the assignor.

Where, therefore, defendant, in consideration of the transfer to her of the property of the firm of R. & W., promised to pay the debts of the firm, among which were certain promissory notes not due, then held by N. R., who before maturity assigned them to plaintiff, in an action upon the promise, *held,* that defendant could set off a claim held by her against N. R.

*Barlow* v. *Myers* (3 Hun, 720) reversed.

(Argued January 17, 1876; decided January 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 3 Hun, 720; 6 T. & C., 183.)

This action was brought by plaintiffs as holders of three promissory notes made by the firm of Randall & Williams, upon a promise made by defendant to said firm, upon assignment to her of the property and assets of the firm, and as part consideration for the assignment to pay the debts of the firm.

The three promissory notes, at the time of the sale and agreement, were held by Nathan Randall, and were not then due. Randall transferred them before maturity to plaintiffs. Defendant at the time held a note against Randall. This she

set up in her answer and offered to prove as a set-off, but the referee rejected the evidence.

*D. Pratt* for the appellant. Plaintiffs could not maintain this action on the contract. (47 N. Y., 233, 242; Add. on Con., 940; 2 R. S., 191; *Curtis* v. *Tyler*, 9 Paige, 432; *Halsey* v. *Reed*, id., 446; *Etna Nat. Bk.* v. *Fourth Nat. Bk.*, 46 N. Y., 82; *Kelly* v. *Roberts*, 40 id., 432; *Merrill* v. *Green*, 55 id., 270.) The contract was only made with those who were creditors of the firm at the time of making it. (*McLaren* v. *Watson*, 19 Wend., 557; 26 id., 425; *Lamanreiux* v. *Hewitt*, 5 id., 307; *Miller* v. *Gascon*, 2 Hill, 188; *Brown* v. *Curtis*, 2 Com., 225.) The note held by defendant against Randall was a proper subject of set-off. (2 R. S., 354; Code, § 111.) The rule that partnership property is primarily liable for the partnership debts is not applicable here. (6 Ves., 119; 32 N. Y., 65; 52 id., 146, 159; *Manhat. Co.* v. *Reynolds*, 2 Hill, 140; *Cruser* v. *Armstrong*, 3 J. Cas., 5.)

*Jos. Larocque* for the respondents. An action lies upon a promise made for a valid consideration to a third person for the plaintiff's benefit, although the latter was not privy to the consideration. (*Schermerhorn* v. *Vanderheyden*, 1 J. R., 140; *Cleveland* v. *Farley*, 9 Cow., 639; *Barker* v. *Bucklin*, 2 Den., 45; *D. and H. C. Co.* v. *West. Bk.*, 4 id., 97; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178; *Ricard* v. *Sanderson*, 41 id., 179; *Freeman* v. *Auld*, 44 id., 55; *Hutchings* v. *Minor*, 46 id., 456, 460; *Garnsey* v. *Rogers*, 47 id., 178; *Cooley* v. *Howe M. Co.*, 53 id., 620; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; *Claflin* v. *Ostrom*, 54 id., 581.) The contract, though made by defendant nominally as executrix, was in the eye of the law her own personal contract. (*Austin* v. *Monro*, 47 N. Y., 363; *Ferrin* v. *Myrick*, 41 id., 315; *Reynolds* v. *Reynolds*, 3 Wend., 244; *Dermott* v. *Field*, 7 Cow., 58; *Myer* v. *Cole*, 12 J. R., 349.) The note against Randall was not a proper set-off. (*Merritt* v. *Seaman*, 2 Seld., 168; *Dale* v. *Cook*, 4 J. Ch., 13; *Ship-*

man v. *Thompson*, Willis, 103 ; *Negetmeyer* v. *Lumbey*, id.,
264, note ; *Duncan* v. *Lyon*, 3 J. Ch., 359 ; *Root* v. *Tayler*,
20 J. R., 137.)

ANDREWS, J.   The construction of the contract between
Randall & Williams and the defendant most favorable to
the plaintiffs, is to regard it as an undertaking by the defend-
ant in consideration of an absolute and irrevocable sale to her
of the property and assets of Randall & Williams, to pay as
part of the purchase-price the debts owing by the firm,
including the notes then held by Nathan Randall.

It is claimed by the defendant that the reservation to Ran-
dall & Williams of the right to repurchase the property and
business, and the limitation of the defendant's undertaking,
to the payment of debts to the amount of $22,000, indi-
cates that the contract was intended as a special agreement
between the parties who executed it, and that the defendant
did not intend to enter into any contract obligation, with or
for the benefit primarily of the creditors of the firm.   In the
view we take of the case we deem it unnecessary to consider
this position, but shall regard the promise of the defendant
to pay the debts of Randall & Williams as absolute and as
disconnected with any right in the vendors of repurchase or
redemption.

In *Lawrence* v. *Fox* (20 N. Y., 268), the principle was
asserted and maintained by the decision of the court that
an action lies upon a promise made for a valid consideration
to a third person for the plaintiff's benefit, although the plain-
tiff was not privy to the consideration, and was not named
as promisee, and was not cognizant of the promise when
made.   The decision was made by a divided court ; but in
*Burr* v. *Beers* (24 id., 178), the court unanimously reaffirmed
the doctrine of *Lawrence* v. *Fox*, without discussion, on the
ground of *stare decisis*, and it must be regarded as the settled
law of the State.   Subsequent cases which were claimed to
fall within the case of *Lawrence* v. *Fox*, have been distin-
guished from it, and while the courts have been disinclined

to extend the doctrine of that case it has not been overruled, and it remains as the rule of decision in cases within the principle there decided. (*Ricard* v. *Sanderson*, 41 N. Y., 179; *Freeman* v. *Auld*, 44 id., 55; *Hutchings* v. *Miner*, 46 id., 456; *Garnsey* v. *Rogers*, 47 id., 233; *The Ætna Nat. Bank* v. *The Fourth Nat. Bank*, 46 id., 82.)

In this case the promise upon which the action is brought was generally to pay the debts of Randall & Williams, without specification of the particular debts, or naming the creditors of the firm, and in this respect it differs from all the cases to which our attention has been called where, in the absence of any trust, an action of this character by a creditor, or the person for whose benefit the promise was made has been maintained. But, assuming that this circumstance does not prevent the application to this case of the principle of *Lawrence* v. *Fox*, the question remains, for whose benefit was the promise made, and who are the persons other than the firm of Randall & Williams who are to be regarded as the promisees. The firm were the only promisees named in the contract, but the theory upon which third persons are allowed to maintain an action on such a promise is, as I understand, that the promise, in legal effect, is a promise to pay to the creditors, who are such at the time the promise is made, the debts owing to them by the person from whom the consideration moves. The debtor's obligation is to them alone, and they acquire through the promise additional security for the payment of their debts. This security will pass on an assignment of the debt to the assignee as an incident, and he may enforce it. (*Jackson* v. *Blodget*, 5 Cow., 202; *Pattison* v. *Hull*, 9 id., 747; *Langdon* v. *Buel*, 9 Wend., 80; *Craig* v. *Parkis*, 40 N. Y., 181.) But the assignee takes it by a derivative title from the assignor, and no direct contract is created by the assignment of the debt between him and the promisor.

The plaintiffs were not creditors of Randall & Williams when the contract between that firm and the defendant was made. The notes of Randall & Williams, now held by them,

then belonged to Nathan Randall. He acquired, upon the execution of the contract between Randall & Williams and the defendant, an interest in the contract, and was entitled to enforce it for his security. He could not, perhaps, have brought an action upon it until the note had matured, but the right in him to the security in the nature of a guaranty was perfect, as soon as the contract was made. He was the person for whose benefit, in part, the promise of the defendant was made, and not the plaintiffs, who then had no interest in the notes, and no debt against Randall & Williams. It is claimed that in legal intendment the promise was to such persons as should be the holders of the notes at their maturity, but there is nothing to show that this was the intention of the parties to the contract. They could not know that the notes would be transferred, and it does not in any way appear that it was any part of the object of the transaction to give them additional currency or credit.

The contract, if construed as claimed by the plaintiffs, would constitute the defendant the immediate promisor, not only of Nathan Randall, but of all the persons through whose hands the note might pass before maturity. It is an immaterial circumstance in determining the question to whom the promise was made, that the debts of Randall & Williams were upon negotiable instruments. A guaranty of a note or bill contained in the separate instrument is not negotiable because the paper guaranteed has that quality. (*Watson* v. *McLaren*, 19 Wend., 557; S. C., 26 id., 425.) So if a mortgage should be given to secure negotiable paper, the mortgage would not be negotiable, although it would pass to the indorsee of the paper as incident to the debt, and a transfer by a party to whom a personal covenant is made, of his interest therein, does not make the person receiving it the covenantee.

The negotiability of promissory notes and bills of exchange is an exception in the general law of contracts, and the right of a transferee for value before maturity of choses in action to hold them freed from the equities existing against them in

the hands of a prior holder attaches only to negotiable instruments.

It would be a great extension of the doctrine of *Lawrence* v. *Fox*, to hold that a promise to a debtor to pay his debt was a direct undertaking of the promisor with each of the persons successively who should acquire the interest of the original creditor, and this construction is not justified when there are no special words indicating that intention. The plaintiffs therefore as to the promise upon which the action is brought, stand in the place of Nathan Randall, and in the position of his assignees.

Before the Code, the action could only have been brought in his name, and the right of set-off would attach in favor of the defendant in respect of any debt or claim against him held by her at the time of the commencement of the action, which within the statute was the subject of set-off. (2 R. S., 354, § 17.) The action under the Code was properly brought in the name of the plaintiffs, but the right of set-off as it before existed, is not affected by the change in the form of the action. (Code, §§ 111, 112.) The note of Nathan Randall, held by the defendant when the action was commenced, was a proper set-off, unless she held it as executrix, and not in her own right. The defendant offered the note, with the indorsement of the payee, in evidence, as a set-off or counter-claim. The referee refused to receive the note in evidence, on a construction of the contract in question which precluded any set-off of a claim in her favor against Nathan Randall. The production of the note was *prima facie* evidence of her title to it, and if the question had been raised that she held it as executor only, she might have given further evidence on the subject. That point cannot now be taken.

The judgment of the General Term should be reversed and a new trial granted.

All concur; except RAPALLO, J., not voting.

Judgment reversed.