FELLUS E. FAIRCHILD, APPELLANT, *v.* JOHN C. FELTMAN, RESPONDENT.

*Draft — what does not amount to a sufficient written acceptance thereof —* 1 *R. S.,* 768, *secs.* 6 *and* 7 *— Consideration — what is insufficient to support a promise to pay money to a third person.*

On March 29, 1876, one Crofut being indebted to the plaintiff in the sum of $100 gave him a draft for that amount drawn upon the defendant, who was then indebted to Crofut in a sum larger than that named. Prior to the drawing of the draft the defendant had promised the plaintiff that he would accept it if drawn by Crofut, if he then owed him the amount thereof. After he was notified by the plaintiff that he had the draft he wrote a letter in which he said that it was all right and that he would come up in a few months and pay the draft.

*Held,* that the evidence failed to show such a written acceptance of the draft as was required to render the defendant liable thereon.

Thereafter the defendant made a parol promise to Crofut and the plaintiff that he would pay to the latter the sum of $100. Crofut credited him with that sum in an account kept against him. The balance which remained due to Crofut was not paid. It was not shown that the defendant had been released by Crofut from his indebtedness, nor that the relation of debtor and creditor existing between the plaintiff and Crofut had been in any way changed.

*Held,* that there was no sufficient consideration to support the promise of the defendant to pay the plaintiff, and that the latter could not maintain an action thereon.

APPEAL from a judgment, entered upon an order of the Lewis County Circuit, granting a nonsuit. and from an order of the Special Term denying the plaintiff's motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Walter Ballou,* for the appellant.

*Levi H. Brown,* for the respondent.

BARKER, J.:

The action is founded upon the alleged promise of the defendant to pay to the plaintiff the sum of $100 on the 29th day of March, 1876. Levi Crofut was indebted to the plaintiff in the sum of $100, and at the same time the defendant was indebted to Crofut in a larger sum, being for a balance arising out of a mercantile and

trading transaction. On that day Crofut drew a bill or check on the defendant in this form:

"JOHN C. FELTMAN: Please pay Fellus Fairchild one hundred dollars and charge to my account, and oblige,

"LEVI CROFUT."

The evidence tended to show that the defendant, after the bill was delivered to the plaintiff, made a parol promise, both to the payee and drawer, that he would accept and pay the same. I think the evidence fails to establish that Feltman, at any time, accepted the bill in writing. Previous to drawing the bill the plaintiff had an interview with the defendant and asked him if he, the plaintiff, should procure an order from Crofut for $100, if he would accept the same. The defendant replied, if he owed Crofut $100 he would accept the order. On receipt of the bill, the plaintiff addressed a note to the defendant in reference to the same, to which the defendant replied in writing. The letter being lost the plaintiff was permitted to give the contents, which he stated to be substantially as follows: That he owed Crofut $100, and that money was tight with him; that if plaintiff would wait he would come and see him in July or August, and that it was all right. Afterwards the draft was forwarded for collection and the defendant declined to pay it.

The case states that the defendant wrote to the plaintiff on receiving his letter that money was close, but that he would be up and pay him; that it was all right. In my judgment this evidence does not establish an acceptance in writing so as to hold the drawee and make him a party to the bill. An action cannot be maintained against a drawee until he has become a party to the instrument by his written acceptance. A parol acceptance is not valid. It is a provision of the statute relating to bills of exchange that no person shall be charged as an acceptor on a bill of exchange, unless his acceptance shall be in writing signed by himself or his lawful agent. If such acceptance be written on a paper other than the bill, it shall not bind the acceptor except in favor of the person to whom such acceptance shall be shown, and who on the faith thereof shall have received the bill for a valuable consideration. (1 R. S., §§ 6 and 7, p. 768; *Duncan et al.* v. *Berlin et al.*, 60 N. Y., 151.)

If the letter written by the defendant to the plaintiff can be fairly construed as an unqualified acceptance and promise to pay the draft, then the provision of the statute defeats a recovery thereon, for the reason that the letter was written after the draft was delivered to the payee, who did not receive the same on the strength of the letter and did not advance anything thereon. The plaintiff utterly failed to make out a case for recovery on the instrument, regarding it either as a bill of exchange or a check.

After the first interview between the plaintiff and the defendant, the evidence tends to prove that the defendant continued to be indebted to Crofut in a sum greater than $100, and that Crofut's debt to the plaintiff remained unpaid, and that the defendant made a parol promise to Crofut and to the plaintiff that he would pay the plaintiff the sum of $100, being the sum which was due the plaintiff from Crofut. That afterwards Crofut gave the defendant a credit of $100 in his account, as kept by him, by making an entry on his book as follows: "March twenty-seven, by draft, F. Fairchild, $100." These parties continued to have business transactions, which were entered in the same account, and some months thereafter the account was brought to a balance on a settlement between the parties, and there was then due a sum from the defendant to Crofut. This balance has not been paid, nor has the defendant in any form been released by Crofut from his liability to pay the original indebtedness covered by this credit of $100. The relation of debtor and creditor which existed between Crofut and plaintiff has in no wise been changed, or their interests affected, so far as the evidence discloses, by reason of the defendant's promise to pay the $100 to the plaintiff. The plaintiff insists that the defendant's parol promise to pay the plaintiff the sum of $100 is valid, as founded upon a good consideration, and is within the principles laid down and reiterated in *Lawrence* v. *Fox* (20 N. Y., 268), where it was held that an action lies upon a promise made to pay a sum of money to a third person named as promisee, although he was not privy to the consideration and was a stranger to it.

In that case and in all the others of the same class, of which there are many, it will be found on examination that there was a good and valid consideration passing to the promisor at the time of the promise, and that the agreement containing the promise was in

the nature of an original agreement between the promisor and the party from whom the consideration moved. In that case one Holly loaned to the defendant Fox a sum of money, and Holly at that time owed a like sum to Lawrence, the plaintiff, and the defendant, in consideration of the loan, promised at the time he received the money to pay a like sum to Lawrence the next day. It was held that Fox's promise was based upon a good consideration, and that the promisee Lawrence could enforce the same in his own name and for his own benefit.

In *Farley* v. *Cleveland* (4 Cow., 432) the facts in all essential particulars were the same. Moore owed the plaintiff Farley a debt; he sold to the defendant Cleveland a quantity of hay, in consideration of which Cleveland promised to pay Moore's debt to Farley. The court held in favor of Farley's right to recover upon the ground the hay received by Cleveland from Moore was a valid consideration for Cleveland's promise to pay Farley, and the subsisting liability of Moore to pay Farley was no objection to the recovery.

In the many cases which have been decided in the several courts of this State since the decision of the cases cited, it will be observed on examination that in each of them there was a good and sufficient consideration passing to the promisor at the time of making the promise sued upon. (*Barlow et al.* v. *Myers*, 64 N. Y., 41 ; *Burr* v. *Beers*, 24 id., 178.) The promise made by the defendant to pay to the plaintiff a part of the debt which he owed Crofut was a mere *nudum pactum*. The promise made by the defendant to Crofut to pay the debt which he owed to the plaintiff was also without any consideration to uphold it. At the time the latter promise was made the relation existing between them was that of debtor and creditor based upon previous and completed transactions. It was nothing more than an executory parol promise without consideration to discharge Crofut's obligation to the plaintiff. At that time Crofut, the creditor, did not release to the defendant any portion of his then existing indebtedness. The credit given the defendant in his account with Crofut upon the books of the latter did not discharge any part of the defendant's indebtedness to him. The arrangement amounted to a permission on the part of Crofut that the defendant might discharge that amount of his obligation to him by paying the like sum to the plaintiff, and if he had done so it

would have been, in legal effect, a discharge of his indebtedness to that amount, but so long as it remained unexecuted Crofut could maintain an action upon the original indebtedness, notwithstanding the defendant's promise. The subsequent accounting between the parties and allowing the credit to stand does not, in legal effect, amount to a release or discharge of the defendant's obligation to Crofut. If then, or any time afterwards, Crofut had executed and delivered to the defendant a release from his obligation, and in consideration of the same the defendant had promised to pay to the plaintiff the amount of the debt discharged, it would doubtless have constituted a good consideration in support of a promise, but there is not the least evidence that he ever promised or offered to give the defendant a release or discharge in any form. The past consideration, out of which the original indebtedness to Crofut arose, was not sufficient to support his new promise to pay the plaintiff and become a debtor to him.

The case of *Kelly* v. *Roberts* (40 N. Y., 432) is an authority in support of these views. In that case Roberts, who had purchased a stock of goods from Everett & Jones, promised, in writing under seal, to pay for the same at an agreed price. After the sale was complete and the goods were delivered, Roberts, the purchaser, agreed with the sellers, Everett & Jones, to pay a part of the purchase money to certain of their creditors, and by the arrangement was to retain in his hands a sufficient portion of the purchase-money for that purpose. Before such payment was made by Roberts, other creditors of Everett & Jones sued out an attachment against their property, and Roberts' obligation was seized and levied upon, and Kelly, the sheriff, brought an action upon the original promise of Roberts, as contained in his covenant, and in the litigation the question presented was whether the promise of Roberts made prior to the attachment to pay particular creditors was binding upon him and constituted a defense to the action? It was held that his promise not being based upon any new consideration, was not valid and obligatory, and the creditors whose debts he had promised to pay had no legal claim against him; that his parol promise was simply an executory contract without consideration and was not enforceable, and if Everett & Jones had sued the defendant upon his covenant for the price of the goods, he could not defend by proof

of such prior parol agreement. It was remarked by the court that had Everett & Jones and the defendant Roberts made it a condition of the sale of the goods of the former to the latter, that the defendant should pay a designated part of the purchase-price to the creditors whose debts Roberts afterwards agreed to pay, then the case would have fallen within the principles laid down in *Lawrence v. Fox*, viz., where a promise is made upon a valid consideration to one person for the benefit of another, the latter may maintain an action thereon.

In no view which can be taken of the evidence did the plaintiff make a case tending to show that he had a cause of action against the defendant, and the nonsuit was properly granted.

The judgment and order should be affirmed, with costs.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Judgment and order affirmed, with costs.