PETER H. PULVER and Others, Respondents, v. SAMUEL S. SKINNER, Appellant.

J. WRIGHT OLMSTEAD, Respondent, v. SAME, Appellant.

ERASTUS DARLING and Another, Respondents, v. SAME, Appellant.

*Bond — right of one, not a party to it, to enforce an agreement by the obligor to pay a debt, due to the claimant from the obligee's ancestor.*

In consideration of the conveyance to him of certain real and personal property, Robert Clements assumed and agreed to pay certain indebtednesses of his grantors', W. and B. Van Vranken, and to save them harmless therefrom. After Robert's death, his administrator, John Clements, entered into an agreement with one Skinner, the defendant herein, as executor (no testator being named), by which it was agreed that John Clements should convey, or cause to be conveyed, the said property, to Skinner, and that Skinner should pay such indebtedness. Subsequently the widow and all the heirs of Robert Clements (except a minor) conveyed the real estate to the defendant Skinner, as executor of Peter Skinner, deceased, in consideration of $11,000 and a bond to be executed by him, and covenanted that the minor would convey, which he subsequently did. In consideration of this conveyance, Skinner executed to John Clements, administrator of Robert, and attorney in fact for the widow and heirs, a bond, reciting the existence of the claims against the estate of Robert and specifying them; the conveyance was on the express agreement that Skinner would pay the debts and save said estate harmless. The condition was that the obligor should pay, or cause to be paid, the aforesaid claims and save the

said estate harmless, and within four months deliver receipts for such payments to the obligee, and by the bond he further agreed "to and with the owners of said claims to pay all that is justly due them, not exceeding the aforesaid amounts."

*Held,* that an owner of any of the said claims could maintain an action against the defendant, upon the bond, to recover the amount due to him from the Van Vrankens.

*Vrooman* v. *Turner* (69 N. Y., 280) distinguished.

. APPEAL by the defendant from a judgment entered at the Saratoga county Special Term.

In 1882 William and Benjamin Van Vranken conveyed to Robert Clements real and personal property, in consideration whereof he assumed and agreed to pay certain indebtedness of the Van Vrankens, and to keep them harmless therefrom. Robert Clements subsequently died, and John Clements was appointed his administrator. Subsequently an agreement was made between John Clements, administrator, and Samuel S. Skinner, the defendant, named therein as executor (but not of any person), reciting the conveyance by the Van Vrankens and the assumption of their debts by Robert Clements, and the intention of the parties that the real and personal property should be transferred to Skinner, as executor, upon his assuming and paying the said indebtedness; and then containing an agreement that John Clements would convey, or cause to be conveyed, said property, and that Skinner would pay such indebtedness. It was agreed that this should be done within nine months.

Subsequently, and within nine months, the widow and heirs of Robert Clements (excepting a minor heir) conveyed said real estate to said Skinner, as executor of Peter Skinner, deceased, in consideration of $11,000 and of a bond executed by him, and covenanted that the minor should convey. In consideration thereof, Skinner, the same day, April 12, 1884, executed to John Clements, administrator of the estate of Robert Clements, and as attorney, in fact, of the widow and heirs-at-law, a bond in the penal sum of $6,080.28. The bond recites that there exist certain claims against the estate of Robert Clements, specifying them; that the widow and heirs have conveyed to the obligor certain real estate on the express agreement, as a part of the consideration, that he would pay the debts and save the estate harmless. The condition is that the obligor will pay, or cause to be paid, the aforesaid claims and save said estate harmless,

and within four months will deliver receipts for such payments to the obligee. And the bond continues : " And for the consideration aforesaid the party of the first part agrees to and with the owners of said claims to pay all that is justly due them, not exceeding the aforesaid amounts."

Subsequently the heir of Robert Clements, who was a minor at the time of executing the deed, conveyed his share. These actions are by creditors named in the bond to recover their claims.

*Jacob W. Clute* and *L. Varney*, for the appellant.

*James Van Voast*, for the respondent.

LEARNED, P. J. :

The first point is, that the first action is by Wait, Pulver & Rockwell, while the creditors named in the bond were Wait & Pulver. But evidence was given tending to show that the claim in question was contracted in dealings under the name of Wait & Pulver. The amount of the claim is that stated in the bond, and the claim itself is traced from its origin in an indebtedness of William and Benjamin Van Vranken. The obligation assumed by defendant was not that of a mere guarantor. He was to pay the debts, and as between him and the estate of Robert Clements he became principal debtor. It was enough to show that this was one of the claims he became liable to pay.

Some stress was laid by the defendant on the fact that the conveyance was executed to him as executor. But that is immaterial. He chose to take the conveyance in that form. Even if it had been made, at his request, to a third party, still the consideration for his bond would have been sufficient. Nor is it material that the minor heir did not convey at the time when the bond was given. The defendant accepted the covenant of the other heirs, and that covenant has been performed.

The next, and the principal point, is whether this is a case in which these creditors can sue upon an agreement to which they are not actual parties.

We do not think it necessary to go over all the cases bearing on this point and to show the distinctions which run through them. It is enough to call attention to the position of the parties. The

widow and heirs of Robert Clement held this property. Robert Clement, in his life-time, was personally bound to pay these Van Vranken debts, and the property was probably liable therefor also in equity. At any rate, on his death this property became liable to pay his debts. It is not necessary to say that the debts were strictly a lien, but they could through proper proceedings be enforced out of the property. At the same time the widow and heirs were not personally liable for the debts.

Under this condition of affairs they transfer this property to the defendant, on his express agreement, not merely to appropriate the same to these debts, but himself to pay the debts and to save the estate harmless. For this he has received and retains an ample consideration. If the obligee had been liable for the debts the case would have been plainly within *Barlow* v. *Myers* (64 N. Y., 41). But it is urged that, as the widow and heirs were not personally liable, Skinner is not by the bond liable to the creditors, under the rule laid down in *Vrooman* v. *Turner* (69 N. Y., 280). In the opinion given in that case, the right of the third party to have an action upon the promise is said to depend first, on the intent of the promisee to secure some benefit to the third party, and second, on some privity between the two, the promisee and the third party, and some obligation or duty owing from the former to the latter.

There can be no question, in this case, of the intent of the promisee to secure a benefit to these creditors. The last clause of the bond is an express agreement of the defendant, " to and with the owners of these claims, to pay all that is justly due them." The bond was not one of mere indemnity to the obligee. It was for actual payment to the creditors.

We must then inquire whether there was a privity between them, and an obligation or duty owing from the promisee to the creditors.

As administrator and as widow and heirs of Robert Clement, the parties named in the bond were in privity with the creditors of Robert Clements. There was not, it is true, a personal obligation on them to pay the debt. But we think that there was some obligation or duty resting on the administrator and on the heirs in respect to the creditors. It was the duty of the administrator, in default of sufficient personal property, to cause the real estate to be applied to the debts. And the heirs themselves might be sued

by the creditors in respect to any land of the deceased in their possession, and might be made personally accountable for any which they had sold. (Code, sec. 1843, et seq.)

Thus, heirs do not stand in a position simply like that of the owner of an equity of redemption who is not liable for the mortgage debt. He clearly has no duty towards the mortgagee. If he sells the property, he does not become liable for the debt. The lien is fixed, and he cannot disturb it. But the heir who sells may, in some cases, become personally liable. It may then be justly said that the heir is under some obligation or duty to the creditor of the deceased, within the principle applicable to these cases.

When, therefore, in performance of that obligation, the heirs have thus provided for the payment of these debts, it is equitable that the creditors should be allowed to have the benefit of that arrangement, although not actually parties to the instrument.

Here the heirs have made a specific appropriation of this land as a consideration for the payment of these debts. And the principle that a third party may have an action on a contract made for his benefit could seldom have a more beneficial application.

The judgment should be affirmed, with costs.

BOOKES and LANDON, JJ.

In each case judgment affirmed, with costs.