YOKOHAMA SPECIE BANK, LTD., New York Agency, by WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Plaintiff, *v.* MILBERT IMPORTING CORPORATION, Defendant.

Supreme Court, Special Term, New York County, August 11, 1943.

*Isadore H. Cohen* and *Edward Feldman* for plaintiff.

*Friedman, Marx & Handler* for defendant.

WALTER, J. The Superintendent of Banks, as liquidator of the assets in New York of Yokohama Specie Bank, Ltd., a Japanese corporation, brings this action upon eleven bills of exchange drawn in Japan by a Japanese corporation upon defendant in New York, payable to the order of Yokohama Specie Bank, Ltd. Defendant admits the drawing of the bills of exchange and its acceptance thereof, but asserts that Yokohama Specie Bank, Ltd., although named as payee, never acquired the bills for value and was in fact a mere agent for the collection thereof for the drawer, and upon that theory it interposes a claim for money allegedly due it from the drawer under an agency agreement entered into between them before the drawing of the bills and apparently still in existence at the

times they were drawn. Defendant pleads that claim as a defense and as a counterclaim, but it asks merely for a dismissal of the complaint and not for an affirmative judgment. Plaintiff moves for summary judgment.

Much of plaintiff's argument proceeds upon the assumption that defendant is trying to show lack of consideration and indulges in much shadow-boxing over the inability of the acceptor of a negotiable bill to set up lack of consideration. Defendant here attempts no such thing. All it seeks is the right to set off against its admitted liability upon its acceptance of the bills a claim in its own favor against the party which it says is the true owner of those bills and the one entitled to the proceeds thereof, i. e., the drawer thereof. The questions presented thus are whether plaintiff is or represents a holder in due course, and whether, even if not, his rights are subject to the set-off here pleaded.

1. Much has been written upon the question whether, under the Negotiable Instruments Law, a payee can be a holder in due course, and the question is said to be not yet authoritatively settled in New York (Brannan's Negotiable Instruments Law [6th ed.] pp. 543–557, where the cases in New York and other jurisdictions are exhaustively considered; 2 Daniel on Negotiable Instruments [7th ed.] § 884; 10 C. J. S., Bills and Notes, § 305). I am inclined to think that he can be and I here indulge that assumption. (*Bergstrom* v. *Ritz-Carlton Restaurant & Hotel Co.,* 171 App. Div. 777, 780, 781; *Brown* v. *Brown,* 91 Misc. 220, 223, 224.) He so rarely is such, however, that there may be doubt whether he comes within the provision of section 98 of the Negotiable Instruments Law that every holder is deemed prima facie to be a holder in due course. But even that does not have to be here decided, for even with that presumption indulged the circumstances here disclosed are such that an issue of fact exists which cannot be disposed of upon motion and must be made the subject of a trial. Even if the bank in Japan credited the amounts of the bills to the drawer's account, that would not of itself constitute such giving of value as would constitute the bank (the payee) a holder in due course (*Citizens' State Bank* v. *Cowles,* 180 N. Y. 346), and *a fortiori* mere transfers of credits and debits between the bank in Japan and its agency in New York would not have that effect.

Plaintiff makes some suggestion that the New York Agency of Yokohama Specie Bank, Ltd., is a separate entity from Yokohama Specie Bank, Ltd., and that such Agency is a holder for value even if the bank in Japan were not. But while for

certain purposes of liquidation the New York Agency may be treated in certain respects as separate from the bank in Japan, the sending of the bills from Japan to New York certainly was not a negotiation from one holder to another or from the payee to an indorsee. New York did not create a separate corporation; it merely allowed the Japanese corporation to do certain business here.

2. But even if plaintiff be regarded as a holder other than a holder in due course, there yet remains the question whether the setoff here pleaded is available against him. Section 97 of the Negotiable Instruments Law says that in the hands of a holder other than a holder in due course a negotiable instrument is subject to the same defenses as if it were non-negotiable, but here again we meet a question upon which much has been written and with respect to which the authorities are not entirely harmonious, viz., whether the term '' defenses '' as there used is limited strictly to defenses or includes setoffs and counterclaims. I think the better and prevailing view is that the term ''defenses'' as used in section 97 of the Negotiable Instruments Law is limited strictly to defenses, and whether or not a setoff or counterclaim, as distinguished from a defense, is available against a holder of a negotiable instrument who is not a holder in due course depends upon the law of setoff and counterclaim existing in the particular jurisdiction in which such holder brings his suit. (*Stegal* v. *Union Bank and Federal Trust Co.,* 163 Va. 417, 452–460; *Manufacturer's Finance Corp.* v. *Vye-Neill Co.,* 62 F. 2d 625, 630; 10 C. J. S., Bills and Notes, § 511.)

The law of New York respecting setoff and counterclaim long has been liberal (*Seibert* v. *Dunn,* 216 N. Y. 237, 245) and has been made even more so by the enactment of the new section 266 and amendment of section 267 of the Civil Practice Act by chapter 324 of the Laws of 1936; and if it should be shown upon the trial that Yokohama Specie Bank, Ltd., was in fact a mere collecting agent for the drawer of the bills I think there can be no doubt that the setoff and counterclaim here pleaded will be allowable if established by proof. (See *Bank of America* v. *Waydell,* 187 N. Y. 115; *Barlow* v. *Myers,* 64 N. Y. 41; Civ. Prac. Act, §§ 266, 267, as added and amended by L. 1936, ch. 324.)

Plaintiff's motion for summary judgment is accordingly denied.