Arox S truer, J. P.
Plaintiff, a factor, sues on an invoice for goods sold to defendant by C So H Air Conditioning Fan Co. (hereinafter called C & H). The goods were sold on February 9,1956 and delivered May 11,1956. The invoice was dated May 31 and assigned to plaintiff the same day. A portion of the invoice was paid and suit is for the balance. There is no dispute as to plaintiff’s claim. The issues arise on two setoffs asserted by defendant. Originally three setoffs were asserted but one was withdrawn and does not enter the case.
The first setoff is for a freight charge of $529.01 on the delivery made. The agreement between C & H and defendant regarding freight charges was not in dispute. It was that if defendant paid the freight and submitted evidence of payment an allowance to the extent of payment would be made. Defendant paid this bill to the forwarder on May 28, that is some two weeks after the assignment. Defendant was well aware of the assignment at this time but formal notice of it was not given by plaintiff until some time thereafter.
Plaintiff’s contention is that this setoff is not allowable because defendant’s right to a setoff against the assignor had not matured at the time of the assignment. The relevant statute is subdivision 1 of section 267 of the Civil Practice Act, reading: “ 1. If the action is founded upon a contract which has boon assigned by the party thereto * * * a demand existing against the party thereto * ‘s * and belonging to the defendant, in good faith,, before notice of that assignment, must be allowed as a counterclaim to the amount of plaintiff’s demand, if it might have been so allowed against the party * * * while the contract belonged to him.”
A careful reading of the above discloses the significance of the distinction between the time of assignment and the time of *614 notice of the assignment. All claims must be in existence, that is, matured at the time of assignment. As the time of notice must be later than the time of assignment, it would appear at first blush that the reference to the date of notice was superfluous, but this is not so. If there is a matured claim against the assignor, the defendant can assert it if he acquires it (that is, from a third party) in good faith before he receives notice of assignment. If he acquires it thereafter, he may not assert it. But any claim, whether originating with him or not, must be matured at the time of assignment.
There is some confusion in the case law due to the fact that prior to 1936 when the section was amended any claim arising out of the contract assigned, whether matured or not, could be the subject of a setoff (Seibert v. Dunn, 216 N. Y. 237). And expressions in the form of dicta can be found that the liberal purposes of the Civil Practice Act indicate that this rule was to be continued (e.g., see, Yokohama Specie Bank v. Milbert, 182 Misc. 281). But when the specific question was presented it was held that a claim on the contract assigned which had not matured at the time of assignment could not be asserted (Whitehall Mercantile Corp. v. Jamaica Ellbee Furriers’ Corp., 54 N. Y. S. 2d 653). It therefore follows that the allowance of this setoff by the court was improper.
The second setoff was allowed in part by the court. Plaintiff has appealed from that portion which was allowed and defendant from that portion which was not. The facts are, defendant had been a jobber for C & H for some years. Among its customers was Klein’s Department Store. Prior to the 1956 season these parties met and it was agreed that for that season Klein’s would purchase its fans directly from C & H, but, to compensate defendant for its loss of a customer, C & H would pay defendant 50 cents a fan on each fan bought by Klein’s. This agreement was noted on defendant’s order of February 9. In any event the agreement was not disputed by any witness at the trial. However all witnesses including defendant’s officer agreed that the commission was to be paid when Klein’s paid for the fans. There is some doubt as to when payments were made by Klein’s but the earliest date which can be deduced from the testimony is September 6, 1958, long after- both assignment and notice of assignment. The portion of the claim not allowed involved other facts which need not be passed on as any payment that could be attributed to this contract took place long after September 6. This claim also was not matured on the date of assignment and allowance of any part of it was error.
*615 The judgment should be modified by striking out the setoffs and awarding judgment to plaintiff as demanded in the complaint, and as modified, affirmed, with costs to plaintiff of this appeal.
Hofstadter and Aurelio, JJ., concur.
.Judgment modified, etc.