Seymour Boyers, J.
On this motion for summary judgment in lieu of a complaint (CPLR 3213) the plaintiff, Ethel Goldberg, .seeks to recover as payee of a series of four promissory nofes the sum of $7,500 which were executed by the six individual defendants herein on July 1, 1969. At the time the notes were *982 made plaintiff’s husband, Donald Goldberg, and the defendants were all stockholders in a corporation known as 86th Street Bay 40th Corporation. The notes were given in consideration for the sale of Donald Goldberg’s interest in the corporation to the defendants, and at his request the notes were made payable to the plaintiff who had no interest or connection with the corporation.
There is no explanation or reason as to why plaintiff was designated payee of the subject notes other than it was done in compliance with Donald Goldberg’s request. Nor does it appear that plaintiff took the instruments for “ value ” as that term is defined by section 3-303 of the Uniform Commercial Code. For ought that appears Donald Goldberg gave these notes as a gift to the plaintiff, but such a determination is not relevant to the issues herein. It is clear that a payee may be a holder in due course (see Uniform Commercial Code, § 3-302), but since the plaintiff herein did not take the instruments for value she is an ordinary holder. Nonetheless she has the rights of a holder and may enforce payment in her own name (Uniform Commercial Code, § 3-301). Thus there is no merit to the contention that plaintiff is not the real party in interest.
There is no dispute that defendants received consideration for the subject notes from plaintiff’s husband and a maker’s liability to a payee may be supported by consideration from a third .person who is not a party to the instrument (Sutta v. Lachman, 13 N. Y. S. 2d 779). Consequently the defense of lack of consideration must fall.
The defendants by the affidavit in opposition submitted by Herbert C. Rothman, a defendant, also an attorney and member of the firm representing the defendants, allege that a valid cause of action against Donald Goldberg exists and that they should be able to assert it herein by way of counterclaim or at least as a setoff against plaintiff’s cause of action. The contention is that Donald Goldberg at the time the notes were executed in the manner indicated, ‘ ‘ specifically represented to the defendants that the Woodcrest Nursing Home (of which he, at that time, was a partner) would pay the monies it owed to Caliber Surgical, Division of Caliber Pharmacy, Inc., for goods sold and delivered by Caliber Pharmacy, Inc. to Woodcrest Nursing Home. The defendants were and are the assignees of Caliber Pharmacy, Inc., and thus, they have Caliber’s rights, and its cause of action against Woodcrest Nursing Home, and inter alia, against Donald Goldberg, who was one of the partners of Woodcrest Nursing Home.” There is claimed to be a balance due and owing of $7,643.33 to Caliber from Woodcrest and that defendants became *983 assignees as to such claim “ prior to the commencement of this action.” Other than these conclusory statements and a letter dated January 15, 1970 from Aaron Seligson, also a defendant herein, to Donald Goldberg rejecting payment of one of the subject notes on the same grounds there i»s little further evidence to substantiate such claim. However the court feels the merits or lack of merits of defendants’ contention of an assignment and the promise of Donald Goldberg that the debt owing to Caliber could be setoff against the notes is not relevant to plaintiff’s cause of- action for reasons hereafter set forth.
Under section 3-306 of the Uniform' 'Commercial Code, plaintiff not having the rights of a holder in due course takes the instrument here, the notes in question, “ subject to * * * (b) all defenses of any party which would be available in an action on a simple contract ”. (Italics supplied.) The question whether the term “ defenses ” as there used can be considered as including set-offs and counterclaims was discussed in the case of Yokohama Specie Bank v. Milbert Importing Corp. (182 Misc. 281, 284), and the court dealt with question as follows:
‘ ‘ 2. But even if plaintiff be regarded as a holder other than a holder in due course, there yet .remains the question whether the setoff here pleaded is available against him. Section 97 of the Negotiable Instruments Law says that in the hands of a holder other than a holder in due course a negotiable instrument is subject to the same defenses as if it were nonnegotiable, but here again we meet a question upon which much has been written and with respect to which the authorities are not entirely harmonious, viz., whether the term 1 defenses ’ as there used is limited strictly to defenses or includes setoffs and counterclaims. I think the better and prevailing view is that the term ‘ defenses ’ as used in section 97 of the Negotiable Instruments Law is limited strictly to defenses, and whether or not a setoff or counterclaim, as distinguished from a defense, is available against a holder of a negotiable instrument who is not a holder in due course depends upon the law of setoff and counterclaim existing in the particular jurisdiction in which such holder brings his suit. (Stegal v. Union Bank and Federal Trust Co., 163 Va. 417, 452-460 ; Manufacturer’s Finance Corp. v. Vye-Neill Co., 62 F. 2d 625, 630 ; 10 C. J. S., Bills and Notes, § 511.)
‘‘ The law of New, York respecting setoff and counterclaim long has been liberal (Seibert v. Dunn, 216 N. Y. 237, 245) and has been made even more so by the enactment of the new section 266 and amendment of section 267 of the Civil Practice Act by chapter 324 of the Laws of 1936; and if it should be shown upon the *984 trial that Yokohama Specie Bank, Ltd., was in fact a mere collecting agent for the drawer of the bills I think there can be no doubt that the setoff and counterclaim here pleaded will be allowable if established by proof. (See Bank of America v. Waydell, 187 N. Y. 115 ; Barlow v. Myers, 64 N. Y. 41 ; Civ. Prac. Act, §§ 266, 267, as added and amended by L. 1936, ch. 324.) ”
There is nothing in the papers herein indicating that the plaintiff in this case was in any way an agent, assignee or representative of her husband, Donald Goldberg. Indeed the opposing affidavit referred to the plaintiff as the mother of Donald Goldberg rather than his wife. That plaintiff is his wife does not in and of itself establish that any such relationships existed herein. In any event the court under all the circumstances and recognizing the rights of a married woman in relation to owning property as her sole and separate property and not subject to “her husband’s control or disposal nor liable for his debts.” (Domestic Relations Law, § 50), believes that no counterclaim or setoff upon an alleged claim against plaintiff’s husband should be permitted to be asserted herein. (Cf. 15 N. Y. Jur., Domestic Relations, § 268.)
The term ‘ ‘ counterclaim ’ ’ as used in CPLR 3019 encompasses the term “ setoff,” (Otto v. Lincoln Sav. Bank of Brooklyn, 268 App. Div. 400, affd, 294 N. Y. 798), and it appears to be the rule that a counterclaim (or offset) to be properly interposed has to be a claim against the plaintiff in the capacity in which he sued (see Ruzicka v. Rager, 305 N. Y. 191 ; 5 Carmody-Wait 2d, New York Practice, § 30:17 and cases therein cited). Plaintiff sues herein in her own right. Defendants have not shown that any defenses exist against her in relation to the validity of thq notes nor have they established that they have any right of setoff because of an alleged claim against plaintiff’s husband.
Summary judgment is awarded to the plaintiff for the relief sought in the notice of motion without prejudice to any cause of action defendants may have against Donald Goldberg.