■ CROSSLAND SAVINGS, FSB, Appellant, v FOXWOOD & SOUTHERN COMPANY et al., Defendants, and JED S. MARCUS et al., Respondents. [609 NYS2d 282] —In an action to recover the proceeds of a $35,000 check deposited at the plaintiff bank, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Irving Aronin, J.), dated August 30, 1991, as granted the cross motion of the defendants Jed S. Marcus, Richard Aroneau and William Madden to dismiss the complaint insofar as it is asserted against them, and denied the plaintiff's motion for a preliminary injunction.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the cross motion with respect to the principal sum of $20,000 and substituting therefor a provision denying so much of the cross motion as related to the principal sum of $20,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On February 1, 1991, Aroneau and Madden entered into a contract for the sale of a building at 81 Downing Street in Brooklyn to the defendant Pyramid International Construction Company, Inc. (hereinafter Pyramid). Marcus, an attorney, represented Aroneau and Madden in connection with the

sale. The defendant Foxwood & Southern Company (hereinafter Foxwood), the broker for the sale, offered to advance sums on Pyramid's behalf for certain payments due under the contract. On that same day, the defendant Nicole McLendon, allegedly an employee of Foxwood, drew a $35,000 check payable to Foxwood which the brokerage firm deposited in its account at the plaintiff bank. Foxwood then drew three checks against the account in the sums of $2,400, $10,000, and $20,000, payable to Marcus "as Attorney". The memorandum portions of the checks indicated that they were "for 81 Downing Street" and the $20,000 check contained the additional notation "escrow account".

The $2,400 check was a payment pursuant to paragraph 30 of the contract for expenses related to the building, the $10,000 check represented the down payment and the $20,000 check was to be deposited and held by Marcus in an escrow account in accordance with sections 40 and 41 of the contract. Pursuant to section 40, Aroneau and Madden gave Pyramid a license to perform all construction work necessary to renovate the premises to a legal four or five family dwelling. The $20,000 deposit was to be disbursed to Pyramid or to Aroneau and Madden upon the occurrence of certain events related to the construction set forth in section 41.

Marcus deposited the checks in his escrow account at the defendant Chase Manhattan Bank. Although McLendon's check had not cleared, the plaintiff paid the checks drawn to Marcus. On February 12, 1991, McLendon's check was returned to the plaintiff unpaid for "insufficient funds". The plaintiff allegedly notified Marcus that McLendon's check had been dishonored but Marcus nonetheless turned $12,400 over to Aroneau and Madden and continued to hold the remaining $20,000 in escrow. The plaintiff subsequently commenced this action to recover the proceeds of McLendon's dishonored check.

UCC 3-418 provides, in relevant part, that "payment or acceptance of any instrument is final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment". Thus, the plaintiff cannot recover from Marcus, Aroneau and Madden if they were holders in due course. The Supreme Court erred in dismissing the plaintiff's complaint in its entirety against these defendants because, although they demonstrated that they were holders in due course with respect to the checks for $2,400 and $10,000, they did not do so with respect to the $20,000 check.

UCC 3-302 (1) defines a holder in due course as a holder who takes the instrument for value, in good faith and "without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person". A "holder" is "a person who is in possession of * * * an instrument * * * issued or indorsed to him or to his order" (UCC 1-201 [20]).

Under the circumstances of this case, Marcus acted solely as an agent for Aroneau and Madden when he received the two checks for expenses and the down payment. Consequently, Aroneau and Madden had constructive possession of the checks when they were negotiated to Marcus and were holders of the instruments (see, Corporacion Venezolana de Fomento v Vintero Sales Corp., 452 F Supp 1108, remanded 607 F2d 994; see also, Wolfin v Security Bank, 170 App Div 519, affd 218 NY 709).

There is no question that the defendants gave value in exchange for the two checks (see, UCC 3-303). When a purchaser makes a down payment on a contract to sell real property, the purchaser acquires an equitable lien on the property (see, Elterman v Hyman, 192 NY 113; Heritage Art Galleries v Raia, 173 AD2d 441).

There is no merit whatsoever to the plaintiff's claim that prior to the time the respondents received the checks they had either actual or constructive notice that insufficient funds existed to cover the checks. Any subsequent notice to Marcus was irrelevant because the respondents were holders in due course when the checks were deposited in Marcus's account and payment of the checks was final in their favor.

The status of the $20,000 check differs, however, from that of the other checks. That check was not a down payment, but represented a deposit to be held in escrow for the benefit of Pyramid, Aroneau and Madden. While Marcus was a holder, he did not give value for the check (see, UCC 3-303, Comment 1; Goldberg v Rothman, 66 Misc 2d 981). Aroneau and Madden failed to demonstrate, as a matter of law, that they were holders or that they gave value or changed their position in reliance on the payment. Consequently, the complaint states a cause of action against Marcus, Aroneau and Madden, although the damages recoverable would be limited to $20,000 plus interest.

The court properly denied the plaintiff's motion for a preliminary injunction, because the plaintiff failed to demonstrate that it would be irreparably harmed in the absence of

injunctive relief. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.