South Rd. Tabernacle Church of God v 749 Lexington Ventures, LLC (2022 NY Slip Op 02300)

South Rd. Tabernacle Church of God v 749 Lexington Ventures, LLC

2022 NY Slip Op 02300

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-13576
 (Index No. 511474/18)

[*1]South Road Tabernacle Church of God, respondent, 
v
749 Lexington Ventures, LLC, defendant, Real Peak, LLC, et al., appellants.

Anderson, Bowman & Zalewski PLLC, Kew Gardens, NY (Matthew J. Routh of counsel), for appellants.
Suslovich & Klein LLP, Brooklyn, NY (Mark M. Kranz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendants Real Peak, LLC, and Oz Rabinovitz appeal from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 19, 2019. The judgment, upon an order of the same court dated November 7, 2019, granting the plaintiff's motion for summary judgment on the second cause of action asserted against the defendant Real Peak, LLC, is in favor of the plaintiff and against that defendant in the total sum of $86,327.
ORDERED that the appeal by the defendant Oz Rabinovitz is dismissed, as that defendant is not aggrieved by the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the judgment is affirmed on the appeal by Real Peak, LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2018, the plaintiff entered into a contract for the sale of real property to the defendant 749 Lexington Ventures, LLC (hereinafter 749 Lexington). Nonparty Jacob Suslovich, an attorney, represented the plaintiff in connection with the sale. The contract was duly executed by the plaintiff and the defendant Oz Rabinovitz (hereinafter Rabinovitz), in his capacity as a "member" of 749 Lexington, and provided for a down payment amount of $75,000 due "[o]n the signing of this contract." A rider to the contract of sale further provided that the down payment amount due at the signing of the contract "shall be held in escrow by the [plaintiff's] attorney until closing of title," and that the contract would not be binding until such time that it was executed by the plaintiff and delivered to 749 Lexington. In accordance with the contract terms, a check in the sum of $75,000, drawn on the account of the defendant Real Peak, LLC (hereinafter Real Peak), was tendered to the plaintiff as and for the down payment (hereinafter the down payment check). The down payment check was executed by Rabinovitz, who is also the owner of Real Peak, and made payable to "Jacob Suslovich, as Attorney." The down payment check was posted by Suslovich on April 18, 2018, and returned unpaid for "insufficient funds."
Thereafter, the plaintiff commenced this action against 749 Lexington, Real Peak, and Rabinovitz, inter alia, to recover damages against 749 Lexington for breach of the contract of sale based upon the failure to tender the down payment amount (first cause of action), and to recover the proceeds of the down payment check drawn on the account of Real Peak that had been dishonored (second cause of action). After obtaining a judgment by default against 749 Lexington on the first cause action, the plaintiff moved for summary judgment against Real Peak on the second cause of action. In opposition to the plaintiff's motion, Real Peak argued, among other things, that the plaintiff had no right of recourse under the down payment check because it was made payable to the plaintiff's attorney and not the plaintiff, and that the contract of sale was otherwise unenforceable. By order dated November 7, 2019, the Supreme Court granted the plaintiff's motion. A judgment dated November 19, 2019, was entered upon the order in favor of the plaintiff and against Real Peak in the total sum of $86,327. Real Peak appeals.
The Supreme Court properly granted the plaintiff's motion for summary judgment against Real Peak on the second cause of action. Pursuant to UCC 1-201(b)(21), a "holder" is "[a] person [who is] in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." In addition, an instrument "made payable to a named person with the addition of words describing him [or her] as agent or officer of a specifi[c] person is payable to [the] principal" (id. § 3-117[a]), and an instrument "[a]s between the obligor and his [or her] immediate obligee . . . may be modified or affected by any other written agreement executed as part of the same transaction" (id. § 3-119[1]). Under the circumstances of this case, the plaintiff had constructive possession of the down payment check when it was negotiated by Real Peak to "Jacob Suslovich, as Attorney," pursuant the terms of the contract of sale between the plaintiff and 749 Lexington, and is therefore the holder of that instrument (see Crossland Sav. v Foxwood & S. Co., 202 AD2d 544, 546). As the holder of the down payment check, the plaintiff had the right to enforce payment of it in its own name (see UCC 3-301). The plaintiff's evidence further established, prima facie, that the down payment check drawn on the account of Real Peak had been returned for insufficient funds after presentment for deposit by the plaintiff's attorney (see id. §§ 3-507[2]; 3-510[b]).
In opposition to the plaintiff's prima facie showing, Real Peak failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Contrary to Real Peak's contention, the plaintiff's submissions were sufficient to demonstrate that the duly executed contract of sale was delivered to 749 Lexington prior to deposit of the down payment check in accordance with the terms of the contract of sale (see Titte v Butler, 143 AD3d 808, 810).
Real Peak's remaining contention is without merit.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court