THE AMERICAN NATIONAL BANK OF NEW YORK, Appellant,
v. WILLIAM A. WHEELOCK, Respondent.

This action was brought to recover back two items of moneys alleged to
have been extorted from plaintiff without consideration and wrongfully;
the defenses were a denial of the wrongful acts charged and averments
that one of the items was paid for services rendered by a bank of which
defendant was president, and that the payment was to said bank and not
to defendant; as to the other item that it was a charitable donation to a
church of which defendant was treasurer, and that both were paid vol-
untarily; evidence was given on the trial supporting the defense as to both
items. Upon appeal from an order of General Term reversing a judgment
in favor of plaintiff entered on the verdict of a jury and granting a new
trial, held, that, assuming the payments were made without consideration,
and though voluntarily made could be recovered back (as to which quære),
yet if the defendant was not guilty of the wrongs charged, and as to one
of the items simply acted as agent of his bank in receiving the money, and
the payment was in fact to the bank and went to its use (which facts it was
conceded by appellant's counsel were to be assumed in favor of respond-
ent), defendant was not personally liable for that item, but the action
should have been against the bank; that at least as to so much of the re-
covery it was erroneous, and being wrong in part a new trial was proper.
Appeal, therefore, dismissed.

(Argued June 18, 1880; decided September 21, 1880.) .

APPEAL from order of the General Term of the Superior Court
of the city of New York reversing a judgment in favor of plaint-
iff entered upon a verdict. (Reported below, 13 J. & S. 205.)

The nature of the action and the facts appear sufficiently in
the opinion.

W. A. Beach for appellant. If it appeared that defendant
had obtained the property of plaintiff without consideration
and tortiously, a recovery could be had although a conspiracy
was alleged in the complaint; proof thereof was not essential.
(Hutchins v. Hutchins, 7 Hill, 104; Savarty v. Vanarsdale,
65 Penn. St. 507; Jones v. Baker, 7 Cow. 445; Gardiner v. Pol-
lard, 10 Bosw. 674, 687; Patten v. Gurney, 17 Mass. 182, 186;
Sheehan v. Shanahan, 5 How. 461; Conaughty v. Nichols, 42
N. Y. 83; Austin v. Rawdon, 44 id. 63.) It is no answer for
defendant, that he received the money as an official, and profited

nothing by the extortion. (*Pease* v. *Smith*, 61 N. Y. 477; *White* v. *Mechanics' Bank*, 4 Daly, 225; *Guille* v. *Swan*, 19 Johns. 381; *Bishop* v. *Ely*, 9 id. 294; *Olmstead* v. *Hotaling*, 1 Hill, 317; *Lansing* v. *Montgomery*, 2 Johns. 382.) Plaintiff's president was but its agent, and was himself liable for an abuse of trust, in the misappropriation of its funds, and so with its other officers. (*Austin* v. *Daniels*, 4 Den. 299; *Grocers' Bank* v. *Clark*, 48 Barb. 26; Hill. on Trustees, 520, marg. p.; 1 Story's Equity, § 422; 2 id., § 1258.) No one can shield himself from personal liability for a tort, by the plea of agency. (*Frye* v. *Lockwood*, 4 Cow. 454; *Hecker* v. *De Groot*, 15 How. Pr. 314; Hill. on Trustees, 520, marg. p.)

*Aaron Pennington Whitehead* for respondent. The moneys having been paid for a good and valuable consideration no recovery could be had. (*Bissell* v. *M. S. & N. Md. R. R. Co.*, 22 N. Y. 258; *Parish* v. *Wheelock*, id. 494.) Assuming that the moneys were paid without sufficient consideration, defendant having acted in the receipt of the $5,000 merely as an officer of the bank, and in the receipt of the $500 merely as the treasurer of the church, cannot be held personally responsible for either of these sums. (Field on Corporations, §§ 184, 197, 211; Ang. & Ames on Corporations, chap. 9; Story on Agency, §§ 16, 52, 53; *Calvin* v. *Holbrook*, 2 N. Y. 126; *Hall* v. *Lauderdale*, 46 id. 70; *Mowatt* v. *McLelan*, 1 Wend. 173; *Duff* v. *Buchanan*, 1 Paige, 453; *La Farge* v. *Kneeland*, 7 Cow. 456; *Costigan* v. *Newland*, 12 Barb. 456; *Stephens* v. *Babcock*, 3 B. & Ad. 354; *Sims* v. *Britain*, 4 id. 375; *Pinto* v. *Santos*, 5 Taunt. 447; *Snowdon* v. *Davis*, 1 id. 359; Dillon on Municipal Corporations, § 376; Story on Agency, § 154, p. 212; *Bank of the Metropolis* v. *Guttschlick*, 14 Pet. 19; *Denny* v. *The Manhattan Co.*, 2 Denio, 115; affirmed, 5 id. 639.)

RAPALLO, J. This case having been tried by jury, it is conceded by the appellant's counsel that this appeal cannot be upheld, unless upon the theory that, assuming every controverted question of fact in favor of the defendant, the plaintiff was entitled to recover. (*Harris* v.

*Burdett,* 73 N. Y. 136; *Sands* v. *Crooke,* 46 id. 564.) The action is brought to recover two items or sums paid by plaintiff to the defendant, which are alleged to have been extorted from the officers of the plaintiff without consideration and wrongfully, by means of a conspiracy between the defendant and the National Bank examiner. The defenses were a denial of these allegations, and, as to one of the sums paid, that it was for services rendered to plaintiff by a bank of which the defendant was president; that the payment was to the bank and not to the plaintiff, and that it was made voluntarily. As to the other item, that it was a voluntary charitable contribution to a church, of which defendant was treasurer.

There was evidence in support of each of these positions. It is claimed, however, that, throwing out of view all the charges of wrong and conspiracy, the evidence shows conclusively that the sums were paid without consideration by the officers of the plaintiff when it was in a failing condition, and that on that ground alone the plaintiff is entitled to recover. Assuming, without deciding, that the payments, though voluntarily made, could be recovered back by the plaintiff under those circumstances, still, if the defendant committed none of the wrongs alleged, and, as to the payment of $5,000, acted merely as the officer or agent of his bank in receiving the money, and the payment was, in fact, to the bank, and the money went to its use, the defendant could not be held personally liable to the plaintiff, but the action should have been against the bank. The General Term may, on the evidence, have taken this view of the facts, as to that part at least of the sum sought to be recovered, and if the recovery was wrong, even in part, the order granting a new trial was proper. The position cannot be maintained that the uncontroverted facts entitled the plaintiff to an affirmance of the judgment at General Term.

The appeal should be dismissed, with costs.

All concur, except FINCH, J., absent at argument.

Appeal dismissed.