VULCAN IRON WORKS v. PITTSBURG–EASTERN CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

1. PLEADING (§ 217*)—DEMURRER TO ANSWER—SUFFICIENCY OF COMPLAINT.

A demurrer to the defenses in the answer on the ground of their insufficiency raises the question of the sufficiency of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 540–548; Dec. Dig. § 217.*]

2. CONTRACTS (§ 187*)—RIGHTS OF THIRD PERSONS.

To enable a third person to sue on a contract, it must have been entered into for his benefit, or at least such benefit must be the direct result of performance and within the contemplation of the parties, and there must be a legal obligation on the part of the promisee to the third person.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

3. CONTRACTS (§ 48*)—SEALED INSTRUMENTS—CONSIDERATION.

Where a contract is under seal, a good consideration is presumed for all the promises therein contained.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 406; Dec. Dig. § 48.*]

4. CONTRACTS (§ 187*)—SEALED INSTRUMENTS—RIGHTS OF THIRD PERSONS.

The rule that one not a party to a contract may sue thereon where the contract was entered into for his benefit applies to contracts under seal.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

5. CONTRACTS (§ 187*)—RIGHTS OF THIRD PERSONS.

A maker of a note delivered it to plaintiff in part payment for personalty. By a contract between defendant and the maker and third persons, defendant assumed the note, in addition to another payment for the benefit of the maker and the third persons, who thereby released defendant from certain liabilities. The amount of the note was estimated as a part of the total amount to be paid by defendant for the release. *Held,* that plaintiff could sue defendant on the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

6. SET-OFF AND COUNTERCLAIM (§ 41*)—PARTIES LIABLE.

An overpayment by defendant on account of a mistake in fact could not be set off against plaintiff's claim under such contract, in the absence of any showing that the overpayment or any part thereof actually came into the hands of the maker, who was responsible only for moneys received by himself, and not for any overpayment to the third persons.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 76–81; Dec. Dig. § 41.*]

7. PRINCIPAL AND SURETY (§ 110*)—RELEASE OF SURETY.

A maker of a note delivered it to plaintiff in part payment of personalty. By a contract between defendant and the maker and third persons, defendant assumed to pay the note in addition to another payment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the benefit of the maker and the third persons, who thereby released defendant from liabilities.    Plaintiff obtained judgment on the note against the maker in another state.    *Held*, that there was no merger of the note in the judgment so as to bar an action by plaintiff on the contract; the promise of defendant to pay the note making him primarily liable.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 110.*]

8. CONTRACTS (§ 187*)—RIGHTS OF THIRD PERSONS—LIABILITY.

Where one contracting with the maker of a note agreed to pay the note without imposing the condition that the note should remain until maturity in the hands of the payee, the fact that the payee had discounted the note, and had subsequently taken it up because not paid at maturity, did not prevent him from suing on the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

Appeal from Special Term, Rensselaer County.

Action by the Vulcan Iron Works against the Pittsburg-Eastern Company.    From a judgment sustaining a demurrer to defenses in the answer, defendant appeals.    Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Andrew P. McKean (J. K. Long, of counsel), for appellant.
Thomas H. Guy (H. D. Bailey, of counsel), for respondent.

SMITH, P. J.    [1] The amended complaint alleges the execution and delivery of three promissory notes by one Egan to the plaintiff in part payment of two locomotives, that said notes were discounted with certain banks, and that two of said notes were not paid at maturity, and were protested for nonpayment, whereby plaintiff was compelled to take up said two notes, and now sues to recover the amounts due thereon, including protest fees.    The complaint further alleges a certain written contract between defendant and said Egan and others, whereby defendant assumed and agreed to pay said notes, which contract is annexed to and made a part of the amended complaint.    This contract, in the form of a sealed instrument and acknowledged by all the parties thereto, provides, among other things, for the payment of a certain sum by the party of the first part, this defendant, to the party of the second part for and on account of himself and the parties of the third and fourth parts, and also for the payment of certain notes, including the notes in question, by said party of the first part.    The parties of the second and fourth parts and Egan, party of the third part, in turn severally release the party of the first part from certain claims of theirs to stock of the defendant company.    The demurrer to the defenses set up in the answer on the ground of their insufficiency require the sufficiency of the complaint itself to be examined. Baxter v. McDonnell, 154 N. Y. 432, 436, 48 N. E. 816, and defendant now claims that said complaint does not state facts sufficient to constitute a cause of action.

[2] The complaint is evidently drawn on the theory of Lawrence v. Fox, 20 N. Y. 268, which holds that an action lies at the instance of a third party upon a promise made for a valid consideration for the benefit of such third party, although he is not privy to the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sideration passing between the parties to the contract. This case has long been regarded as the foundation of the so-called "American Doctrine," now generally adopted in this country, and especially of the law in this state. Later cases, however, have somewhat limited the apparent scope of this decision with the result that now, to enable a third party to a contract to sue, "the contract must have been entered into for his benefit, or at least such benefit must be the direct result of performance and within the contemplation of the parties. There must also be a legal obligation or duty on the part of the promisee to such third party, the theory of the cases being that such an obligation so connects him with the contract as to be a substitute for any privity with the promisor." 7 Enc. of Law (2d Ed.) p. 107, citing Durnherr v. Rau, 135 N. Y. 219, 222, 32 N. E. 49. See, also, Barlow et al. v. Myers, 64 N. Y. 41, 21 Am. Rep. 582; Vrooman v. Turner, 69 N. Y. 280, 283, 285, 25 Am. Rep. 195; Haefelin v. McDonald, 96 App. Div. 213, 221–224, 89 N. Y. Supp. 395; Pond v. New Rochelle Water Co., 183 N. Y. 330, 333, 338, 76 N. E. 211, 1 L. R. A. (N. S.) 958; Rochester Dry Goods Co. v. Fahy, 111 App. Div. 748, 751–753, 97 N. Y. Supp. 1013, affirmed, no opinion, 188 N. Y. 629, 81 N. E. 1174.

[3] The contract in question being under seal, a good consideration is presumed for all the promises therein contained. [4] The Lawrence v. Fox doctrine applies as well to contracts under seal as to simple contracts. Pond v. New Rochelle Water Co., supra, 183 N. Y. 334, 76 N. E. 211, 1 L. R. A. (N. S.) 958. There was clearly in this contract a legal obligation or duty on the part of the promisee, Egan, to the third party, this plaintiff, inasmuch as he was indebted to the plaintiff on his promissory notes. [5] The question then remains, in order to invoke the doctrine, as to whether the contract was entered into for the benefit of this plaintiff, in contemplation of law. As is said in the case of Fish v. First National Bank, 150 Fed. 523, 524, 80 C. C. A. 266, 268:

"As to what contracts are, and what are not, made for the benefit of a third person, within the meaning of the rule, there is much diversity of opinion and the decisions are not reconcilable."

This contract, however, although not mentioning the name of the plaintiff, clearly identifies the notes in question which the promisor "hereby assumes and promises to pay," in addition to the payment of a large sum in money. The amount of the notes was evidently estimated as a part of the total payment to be made by this defendant in exchange for the releases secured by it, so that the practical effect of the arrangement was the same as if Egan owing the notes had then paid the money direct to the defendant upon its promise to satisfy the notes, which would have been the exact situation in Lawrence v. Fox, where money was paid to the promisor in consideration of his promise to pay the payor's debt to another. The difference between actually paying over money to a person and the withholding by such person of money otherwise payable to the debtor seems negligible so far as the general intent and purpose of the parties are concerned. In each case the third party presumably has money or its equivalent in credit to be devoted to the payment of a debt owed to such creditor,

and, if in one instance the contract can be said to have been entered into for his benefit, then the same reasoning must apply to the other situation. The present contract had in view, among other things, the payment of a sum of money by defendant direct to the other parties thereto as well as the payment of the notes, but, in so far as it provided for the payment of the notes, we think it can fairly be said that the third party was benefited by having in effect another name on the notes held by it, and that this benefit was "the direct result of performance and within the contemplation of the parties." We accordingly think that this complaint is not insufficient upon its face.

[6] The question then arises as to the sufficiency of the defenses demurred to. The first, a partial defense only, alleges an overpayment by defendant, on account of a mistake in fact, to the parties of the second, third, and fourth parts, which overpayment defendant sets off as against the claim of any person claiming under said parties of the second, third, and fourth parts or any of them. But it is not alleged that such overpayment or any part thereof actually came into the hands of Egan, the party of the third part. Under the contract itself, the moneys were to be paid to the party of the second part, Pfeil, and presumably were so paid. Egan could be held responsible in an action for moneys paid under a mistake of fact only for moneys received by himself, and not for any overpayment to his business associates upon the contract, in respect of which there is no presumption that he profited.

[7] The second defense demurred to alleges that plaintiff with knowledge of the overpayment obtained judgment against said Egan in the state of Pennsylvania upon said notes, and that, by reason thereof, he merged said notes into the judgment, and thereby waived his recourse, if any, against this defendant. The promise of defendant, however, to pay these notes would in effect amount, under the doctrine hereinbefore mentioned, to making defendant primarily liable on these notes while not in any way releasing Egan from his own liability thereon. This being the case, we think there was no such merger of the notes by judgment as to bar the present action, and consequently that the holder of the notes was entitled to proceed against either or both of the parties liable on the notes. The fact that the maker of the notes was first sued and a judgment obtained which is still unpaid cannot operate to release the defendant from its contractual obligation to pay the notes. The present action is brought to compel the doing of the very thing that defendant promised to do, and so long as the notes remain unpaid plaintiff has such a right of action.

[8] The third defense similarly alleges a waiver by plaintiff of his right of action on account of having discounted said notes. But defendant's obligation to pay these notes was not conditioned upon their remaining until maturity in the hands of the payees. As commercial paper and possessing the usual attributes of negotiability, the defendant by undertaking the payment of the notes must be held to have assumed their payment at maturity to whomsoever the then holders in due course might be. At such times certain banks owed the notes, and were therefore entitled to the benefit of defendant's obligation to pay,

which benefit in turn would pass to plaintiff as prior indorser upon its taking up of the notes.

Interlocutory judgment should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with usual leave to defendant to amend upon payment of costs of demurrer and of this appeal. All concur.