WALTER I. STILLWELL, as Sole Acting Executor, etc., Plaintiff, v. SHELTER REALTY COMPANY, INC., Appellant. GUSTAF W. MATTSON, Respondent, and Others, Defendants.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ.

CHRISTOPHER BROWN, Respondent, v. ETHEL BROWN, Appellant.— Defendant's [plaintiff's] former medical practice has been interrupted by military service. In the period since his discharge from the army he has not regained his former income. Hence we do not now disturb the weekly alimony as decreed. We, however, vary the judgment by adding a clause at the foot thereof that in case the circumstances of either party change, an application may then be made to the court to modify the provision for alimony. As thus varied the judgment is affirmed, without costs of this appeal. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

EMANUEL COHEN, Respondent, v. SAMUEL SHEINDELMAN and MAMIE SHEINDELMAN, Appellants, Impleaded with ISAAC PARSHELSKY, Defendant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The answer denies that the deed from Sheindelman and Parshelsky to Samuel Palley has been lost or destroyed. The loss or destruction of the instrument is an essential fact, to be pleaded as part of plaintiff's cause of action. This denial, therefore, prevents judgment being taken on the pleadings. The complaint seems to be brought under section 1638 of the Code of Civil Procedure, although an action to compel defendants to execute a new deed might be maintained under the equity powers of the court without resort to that section. (*Kent* v. *Church of St. Michael,* 136 N. Y. 10.) In an action brought under that section an allegation of possession of the property is essential to plaintiff's cause of action. Such an allegation is made in this complaint and denied in the answer, and for that reason also judgment cannot be taken. We think also that under the special circumstances of the case the denial of knowledge or information that defendants gave a deed ten years ago or more cannot be treated as sham, and is presumptively false only, and plaintiff's remedy is under the doctrine of *Kirschbaum* v. *Eschmann* (205 N. Y. 127) and *Harley* v. *Plant* (210 id. 405). The defense of new matter is insufficient in law upon its face. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

COMMISSIONER OF PUBLIC CHARITIES OF THE CITY OF NEW YORK, on Complaint of ETHEL DAVIS, Respondent, v. HENRY LEVY PARKER, Appellant.— Order of filiation of the Court of Special Sessions reversed, and new hearing ordered, on the ground that the finding is against the weight of the evidence. Jenks, P. J., Mills, Blackmar and Kelly, JJ., concur; Putnam, J., votes to modify the order by excluding the retroactive provision.

SARAH A. COOPER, Respondent, v. FISHKILL ELECTRIC RAILWAY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ.