PARKWAY LAUNDRY SERVICE, INC., Appellant, *v.* CHARLES J. F. DECKER and WARREN W. DYCKMAN, as Trustees of Westchester Title & Trust Co. Guaranteed Mortgage Series 81-C, Respondents.

Second Department, June 30, 1939.

*Louis L. Greenberg,* for the appellant.

*Arthur D. Brennan* [*John E. Tobin* with him on the brief], for the respondents.

HAGARTY, J. The complaint has been dismissed for insufficiency and the question presented is whether or not it states a cause of action. The relief sought is the cancellation of certain

described tax liens on property conveyed to plaintiff on the 18th day of July, 1933, by the Spadaro Holding Corporation, by deed containing a covenant that the premises were free of incumbrances.

The property conveyed to the plaintiff was part of a tract owned by plaintiff's grantor, but subject to a mortgage of $50,000 held by the Westchester Title & Trust Co., which trust company was also the trustee for certificate holders who had purchased participating interests in the mortgage. Prior to the conveyance to plaintiff, plaintiff's grantor and the trust company entered into a contract for the release of the property so sold to plaintiff by the trust company from the lien of the mortgage, in consideration of receipt by the trustee of the entire proceeds of the sale, which proceeds of sale it was agreed should be used by the trust company to pay all taxes and incumbrances upon the property and the balance was to be paid to the certificate holders.

Pursuant to the contract under which plaintiff took title, it paid the consideration in full to its grantor, which obtained the release from the trust company and in turn paid over the proceeds of the sale to the trust company pursuant to the agreement between them and for the purposes therein provided. But the liens involved in this litigation were not discharged by the trustee, and the defendants are successor trustees whose immediate predecessors purchased the transfers of these liens.

We are of opinion that inferences may be drawn from the complaint to the effect that the Westchester Title & Trust Co., as trustee, entered into the contract, not only for the benefit of the certificate holders, but also for the benefit of the plaintiff, in that it agreed to discharge all the incumbrances on plaintiff's property with the purchase price, in the event that plaintiff purchased and paid the purchase price, and that the purchase price was received by the trust company, and, therefore, a cause of action is stated in accordance with the doctrine enunciated in *Lawrence* v. *Fox* (20 N. Y. 268). (See, also, *Vulcan Iron Works* v. *Pittsburg-Eastern Co.*, 144 App. Div. 827, 829; 2 Williston on Contracts [Rev. ed.], § 356, p. 1042.)

Furthermore, we are of opinion that the complaint may be deemed sufficient on the ground of unjust enrichment, irrespective of contract, as the certificate holders have received the benefit of that part of the purchase price which should have been devoted by the trustee to payment of the tax lien.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order hereon.

LAZANSKY, P. J., JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order hereon.