SIEGFRIED MECK, Plaintiff, *v.* ALLEN PROPERTIES, INC., Defendant.

Supreme Court, Special Term, Queens County, May 17, 1954.

*Rathgeber, Roman & Murphy* for plaintiff.

*Ernest R. Maler* for defendant.

COLDEN, J. This is an action to rescind the purchase by the plaintiff from the defendant of certain waterfront lots at Canaan Lake, Patchogue, Suffolk County, New York, pursuant to an installment contract, dated March 21, 1946, in accordance with which a full covenant and warranty deed, dated May 24, 1949, was delivered to the plaintiff and duly recorded on June 4, 1949, upon the payment of the full purchase price of $3,874.49. The complaint demands the return of such pur-

chase price, plus the sum of $100 for five years' maintenance and $2.50 for the recording of the deed, or a total of $3,976.99, together with interest from May 8, 1951.

The cause of action in the complaint is predicated upon alleged false representations by the defendant that the land in question contained approximately 129 feet of upland on the north side and approximately 105 feet of upland on the south side, when as a matter of fact there were only approximately 73½ feet of upland on the north side and 46 feet on the south side, the remaining property being under the waters of Canaan Lake; that the defendant knew or should have known that said representations were false or that said representations were made under the mistaken belief that they were true; that plaintiff relied on said representations, and believing them to be true, agreed to purchase the premises and pay the purchase price therefor and the maintenance charges thereon, and, indeed so paid them; that the plaintiff did not ascertain the falsity of said representations until May 8, 1951, when he notified defendant of his election to rescind the agreement, and demanded the return of the purchase price and expenses and offered to reconvey the premises. The answer of the defendant denies the material allegations of the complaint.

The court finds from the evidence that the plaintiff inspected the property with his father and with the president of the defendant corporation, Salvator Dilucian, prior to the execution of the contract, and in the course of such inspection was informed by the latter that a minimum plot of 100 feet x 100 feet was requisite in order to build upon the property.

The contract of purchase and sale consisted of a printed form prepared by the defendant. The property purchased was described solely by reference to a map of Canaan Lake East, surveyed and made by Edward A. May, civil engineer, Patchogue, New York, August 29, 1913, and filed in the office of the Clerk of Suffolk County, File No. 203. Only the date of the contract, the name and address of the purchaser, the lot numbers (15–16), the block number (12), the terms of purchase and a provision for the nonassignability of the contract were typewritten, the rest being printed.

The plaintiff and his father met at the office of the defendant when the printed contract was filled in. At that time the father insisted that the exact dimensions of the property being purchased be placed in the contract. Mr. Dilucian demurred at first, but upon the insistence of the plaintiff and his father, the following words were typewritten at the top of the con-

tract, above the printed border thereof, and initialed by the parties thereto: "Approximate size of Lots 15 & 16 — North 129′ South 105′." The dimensions shown on the filed map are North 130 feet and South 105 feet.

It is clear, therefore, that both with respect to the map and the contract, plaintiff was led into believing that he was purchasing land of the dimensions therein expressly indicated. However, when he caused a survey to be made in the Spring of 1951, such survey showed that the land he had purchased was not as represented either in the contract or on the map, but that the upland on the north side was only 73½ feet and on the south side only 46 feet, the rest being under the waters of Canaan Lake. Plaintiff thereupon demanded the return of his money and offered to return the property, all of which was refused.

Defendant argues that since the contract and the deed make reference to a filed map, plaintiff is obliged to accept the property as shown thereon. Both the filed map and the contract, however, show that the plaintiff was purchasing land of the dimensions therein indicated and not of the dimensions which the survey disclosed. It was with respect to upland of the dimensions shown in the contract and on the filed map that the plaintiff bargained to purchase the lots, else there would have been no occasion for the representation by the defendant's president, prior to the time of the purchase, that a minimum plot of 100 feet x 100 feet was requisite in order to build upon the property.

There was a suggestion made by the defendant at the trial that during the period between the making of the contract and the survey, the land may have eroded and that the lake may recede in the future, so that the plaintiff "will still have all of the upland that was originally there as claimed by the defendant when the contract was signed." However, there was not the slightest proof of the foregoing, and in light of the small size of the lake and the character of the flow of the water, the possibilities of past erosion of the land or the future receding of the water seem quite remote.

The court finds as a fact that plaintiff simply did not receive the land for which he bargained, and of the dimensions represented by the defendant. No direct proof was adduced at the trial of actual knowledge on the part of the defendant of the inaccuracies in the filed map. However, the court takes judicial notice of an action which the defendant brought against its predecessor in title to reform the deed and purchase-money

mortgage, and for damages incidental thereto by reason of other inaccuracies in the identical filed map herein involved. (*Allen Properties* v. *Brydle,* 72 N. Y. S. 2d 554, affd. 272 App. Div. 817, motion for leave to appeal to the Court of Appeals denied, 272 App. Div. 915.) The record on appeal in that action shows that the complaint was verified for the defendant herein by its present president, but then secretary, Salvator Dilucian, on September 8, 1945, or *before* the date of the contract herein involved.

The defendant was, therefore, on notice or had good reason to believe that the map in question was not accurate, yet both orally and in the contract itself, it represented upland dimensions of land purchased by the plaintiff, which were substantially in excess of what he actually received. Even if the representations were innocently made by the defendant and with no intent to deceive, the plaintiff still can rescind and sue at law to recover the consideration paid (*Seneca Wire & Mfg. Co.* v. *Leach & Co.,* 247 N. Y. 1, 7, 8), or he can sue in equity for rescission. (*Leary* v. *Geller,* 224 N. Y. 56; *Bloomquist* v. *Farson,* 222 N. Y. 375, 380; *Greenbaum* v. *Baywood Homes,* 62 N. Y. S. 2d 545, affd. 272 App. Div. 826, affd. 299 N. Y. 692.)

In *Junius Constr. Corp.* v. *Cohen* (257 N. Y. 393, 400), Chief Judge CARDOZO observed: "*Misrepresentation, even though innocent, sustains the rescission of the contract and the rejection of the title*". (Emphasis supplied.) (See, also, 5 Williston on Contracts [rev. ed.], § 1490; and Restatement, Contracts, § 476.)

Upon all of the facts and circumstances adduced at the trial, the court is of the opinion that the plaintiff has fully established his cause of action and any delay on his part in bringing suit has not caused the defendant to change its position in any fashion; the land is in the same condition in which it was at the time of its purchase and the *status quo* can be readily restored by the return of the purchase price and the expenses with interest as prayed for, and the reconveyance of the property.

Judgment for the plaintiff, accordingly, with costs.

Submit judgment on notice.