CLEARVIEW ASSOCIATES, INC., Respondent, v. CLEARVIEW GARDENS FIRST CORPORATION et al., Appellants, et al., Defendant.— In an action based on advances made by the plaintiff to assist the construction of co-operative housing projects pursuant to section 213 of the National Housing Act (U. S. Code, tit. 12, § 1715e), the defendants, except Spear & Co., Inc., and Dwight-Helmsley, Inc., appeal from an order denying their motion for an order dismissing the complaint as to them on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that the plaintiff does not have legal capacity to sue. On this appeal, called the first appeal, the appellants contend that the complaint should have been dismissed on the ground that no cause of action is stated. Appeal, called the second appeal, is by defendant Dwight-Helmsley, Inc., from an order denying its motion to dismiss the complaint as to it on the ground that it does not state facts sufficient to constitute a cause of action. On the first appeal, order affirmed, without costs. On the second appeal, order reversed on the law, without costs, and motion to dismiss the complaint as to appellant Dwight-Helmsley, Inc., granted, without costs. Each one of the first six causes of action is against a different corporate defendant. If in any aspect upon the facts stated the respondent is entitled to recover against the appellant named in the respective causes of action, the motion by that appellant to dismiss for insufficiency was properly denied. (*Abrams* v. *Allen,* 297 N. Y. 52, 54.) The complaint must be given the benefit of every favorable inference and the truth of its allegations must be assumed. (*Denihan Enterprises* v. *O'Dwyer,* 302 N. Y. 451, 458.) The first six causes are sufficient as actions by the respondent as the third-party beneficiary of contracts made by the corporate appellants and their shareholders (*Seaver* v. *Ransom,* 224 N. Y. 233, 237–238; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170, 180–181), or for unjust enrichment (*Parkway Laundry Service* v. *Decker,* 257 App. Div. 327, 328; *Pink* v. *Title Guar. & Trust Co.,* 274 N. Y. 167, 173), or under an equitable assignment (*Sayer* v. *Wynkoop,* 248 N. Y. 54; *Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179). From the face of the causes of action, it can be inferred that the Federal Housing Commissioner or his duly constituted representative was apprized of the arrangements and contracts entered into by the respondent and approved them. It cannot be said as matter of law from the face of the complaint that a lien was created in violation of section 213 of the National Housing Act. Injunctive relief and a money judgment are demanded against the individual appellants, who are the sole adverse parties in the ninth and tenth causes and are not parties to any other cause. They are the officers and directors of the corporate appellants sued in the first six causes. The ninth and tenth causes are at least sufficient as stating causes of action for conversion by the individual defendants of the moneys representing the twenty-five cent payments, if the transactions alleged in the complaint were lawful. In the absence of the complete terms of the contracts for advances and the agreements of occupancy and all the proceedings by the Federal commissioner in connection therewith, it cannot be said that the contracts and agreements were not lawful. As pleaded, the terms of the contracts for advances, the agreements for occupancy, and the resolution of the board of directors, construed together, would justify a finding that there was an equitable assignment of all of the twenty-five cent payments to the respondent by all the shareholder occupants of the appellants involved in the first six causes, and that the appellant corporations held those moneys for the respondent and the individuals

diverted them from respondent. (Cf. *Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179, *supra.*) Therefore, although respondent may not be entitled to all the relief sought against the individual appellants, the denial of the motion as to them was proper. The appellant Dwight-Helmsley, Inc., is sued only in the eighth cause of action and is the sole adverse party therein. It has been managing agent of the apartment houses since about April 30, 1953, appointed as such by the other corporate appellants. The cause of ·action against it is based on sums collected by it, as such managing agent, from the tenants, which the respondent claims should have been turned over to respondent. It is not alleged that said appellant has diverted the moneys to its own use or to the use of anyone, nor that demand has been made upon it for the moneys. There was no express promise by it to pay the sums, as collected, to the respondent (cf. *Ehag Eisen. Holding AG* v. *Banca Nat. A Romaniei*, 306 N. Y. 242, 251). An agent acting within the scope of its authority, as agent for a known principal, is not liable to a third person for breach of contract by the principal. (*American Nat. Bank of N. Y.* v. *Wheelock*, 82 N. Y. 118; *Lewitus* v. *Brown & Seccomb*, 228 App. Div. 146.) Nolan, P. J., Wenzel, MacCrate, Murphy and Ughetta, JJ., concur.