MATTHEW ROSENCHEIN, Plaintiff, *v.* HERMINA A. McNALLY, Defendant.

County Court, Westchester County, May 5, 1962.

*Walter M. Hinkle* for plaintiff. *Tichnor & Tichnor* for defendant.

JOHN H. GALLOWAY, Jr., J. Motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it appears on its face not to state facts sufficient to consti-tute a cause of action. It appears from the complaint and the exhibits attached thereto that the plaintiff, as vendee, and the defendant, as vendor, entered into a contract for the sale of real property in the Town of Pound Ridge by a contract dated April 12, 1961. After the contract was signed, and after a variance was granted by the Town Board, the plaintiff, on or about June 8, 1961, discovered that the physical course and location of a stream that ran through the property varied con-siderably from the course and location shown on the survey presented by the vendor prior to the signing of the contract. The course and location of this stream are claimed to be signifi-cant because it was necessary for the vendee to install additional septic tank fields in order to fit the property for intended uses of which the vendor was advised by the vendee prior to contract. The vendee planned to alter the building considerably to fit it for such intended use, and this fact was made known to the vendor prior to the signing of the contract of sale. On learn-ing, both by inspection and from the vendor that the course and location of the stream had been altered some two or three years previously from the way they appeared on the survey, the vendee

elects to rescind the contract and to request, among other things, a return of the contract deposit of $2,000. Although a deed was tendered by the vendor on the closing date, plaintiff alleges that the vendor was unable to deliver a marketable title, or a title conforming to the survey furnished by the vendor to the vendee.

For the purposes of this motion the allegations of the complaint must be deemed to be true. (See *Buckley* v. *112 Central Park South*, 285 App. Div. 331; *Clearview Associates* v. *Clearview Gardens First Corp.*, 285 App. Div. 969.)

In support of her motion, defendant urges two grounds: (1) that the physical location of the brook was open, evident and discoverable simply by looking at the land itself; that he had the opportunity to so inspect the premises, and should have known the location of the brook and its effect upon his plans for use of the property; and that it was not incumbent upon defendant to advise plaintiff that the brook had been previously relocated; and (2) that no cause of action in fraud is stated, in the absence of allegations of false representations of a material fact, made with knowledge of its falsity, and reliance thereon by plaintiff with consequent damage.

The difficulty with defendant's position is that the information about the relocation of the course of the brook was a matter peculiarly within the defendant vendor's knowledge, yet she is alleged to have furnished plaintiff with a survey showing a substantially different state of physical facts upon which he claims to have relied.

Thus, the instant case is not within the rule of the line of cases cited by defendant in support of her theory, and which is expressed in *White* v. *La Due* (197 Misc. 589, 594) as follows: " [W]hen the facts represented are *not matters peculiarly within the seller's knowledge*, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence and diligence, the truth or real quality of the subject of the misrepresentation, he must avail himself of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." (Citing cases.) (Emphasis added.)

As to defendant's second ground of challenge, we are of the opinion that the complaint does not and is not intended to sound in fraudulent misrepresentation. On the contrary, it is based on the theory that a misrepresentation, though innocent, sustains the rescission of the contract and the rejection of the title. (*Junius Constr. Corp.* v. *Cohen*, 257 N. Y. 393, 400.)

Even though the representation of a material fact was innocently made by the defendant and with no intent to deceive, plaintiff can still rescind and sue at law to recover the consideration paid. (*Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 247 N. Y. 1, 7–8; *Meck* v. *Allen Props.*, 206 Misc. 251.) Or he can sue in equity for rescission. (Cf. *Greenbaum* v. *Baywood Homes*, 62 N. Y. S. 2d 545, 548, affd. 272 App. Div. 826, affd. 299 N. Y. 692.)

In our opinion the complaint states a cause of action, within the *ratio decidendi of Junius Constr.*; *Seneca Wire* and *Meck* v. *Allen Props.* (*supra*). The motion to dismiss the complaint is accordingly denied.