Louis B. Heller, J.
Defendant moves pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The action is in equity to compel the defendant to convey to the plaintiff, as executor of the estate of Helen Goldberg, certain real property. It appears that by virute of a deed made, executed and delivered by the defendant, plaintiff’s testate became the sole owner of the property involved herein. However, said deed was never recorded and has been either lost or destroyed.
On a motion to dismiss the complaint for insufficiency of facts, the complaint must be given the benefit of every favorable inference and the truth of its allegations must be assumed. (Clearview Associates v. Clearview Gardens First Corp., 285 App. Div. 969; Sorin v. Shahmoon, 3 Miss 2d 953, affd. 2 A D 2d 678). The court is not concerned whether plaintiff will be able to prove the allegations thereof; its only concern is whether, assuming the truth of the facts pleaded, the pleading liberally construed, states a cause of action in some recognizable form. (Howard Stores Corp. v. Pope, 1 N Y 2d 110.)
Moreover pleadings in equity actions are more liberally construed than in actions of law (Susquehanna S. S. Co. v. Andersen & Co., 239 N. Y. 285; Minnesota Min. & Mfg. Co. v. Technical Tape Corp., 3 A D 2d 759). Furthermore where an unrecorded deed of land has been lost an action in equity is maintainable to compel the vendor to execute another deed so as to clothe the purchaser with the record title. (Kent v. Church of St. Michael, 136 N. Y. 10; Cohen v. Sheindelman, 191 App. Div. 917; 16 Carmody-Wait, New York Practice, p. 627; 20 N. Y. Jur., Equity, p. 77, § 53.)
Accordingly the motion is denied.